## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| **DUSTIN ORR,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE** |
| | **NO. 4:20-cv-00134-ELR** |
| **DEPUTY JAMES ROGERS, et al.,** | |
| **Defendants.** | |

## DEFENDANT SUMMER ORR'S BRIEF IN SUPPORT OF HER MOTION FOR RULE 11 SANCTIONS

COMES NOW Defendant Summer Orr and files her Brief in Support of her Motion for Rule 11 Sanctions, respectfully showing the Court as follows:

## SUMMARY AND BACKGROUND

In keeping with the Federal Rules, Defendant Summer Orr served counsel for Plaintiff with a Rule 11 motion on July 7, 2020. However, Plaintiff ignored the motion and declined to timely dismiss as the rules provide thus resulting in Defendant Summer Orr's incurring over $15,000 in attorney fees for having to defend against the Plaintiff's claims. Rule 11 incorporates a standard "stress[ing] the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." *Ortho Pharmaceutical Corporation v. Sona*

*Distributors*, 847 F.2d 1512, 1518 (11th Cir. 1988) (*en banc*).  Rule 11 imposes a non-delegable duty, and 28 U.S.C. § 1927 similarly imposes a duty upon litigants that prohibit counsel from unreasonably and vexatiously multiplying the proceedings.  Defendant Summer Orr is a victim of Plaintiff's having vexatiously dragged her into these legal proceedings, and Defendant Summer Orr prays for an award of her reasonable costs and attorney fees for having to defend this frivolous action.

Plaintiff's claims against his wife, Summer Orr, are unsupported by controlling law and comprise frivolous and abusive litigation finding no support in either fact or law.   Plaintiff's claims against his wife are objectively frivolous and demonstrate that neither Plaintiff nor his attorney conducted a reasonable inquiry into the law before filing the Complaint.

Having given Plaintiff and his counsel the opportunity to dismiss these claims within 21 days of July 7, 2020, this motion is ripe for filing with this Court under Rule 11(c)(2).

## ARGUMENT AND CITATION TO AUTHORITY

Rule 11(b) of the Federal Rules of Civil Procedure states that by filing the Complaint and Amended Complaint, Plaintiff and his counsel certified that to the best of their knowledge, information, and belief, formed after an inquiry reasonable

under the circumstances, the claims were: (1) not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and (2) warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11.

If a party or his/her attorney violates this rule, the Court may impose sanctions.  Three types of conduct by a party or attorney warrant the imposition of Rule 11 sanctions: 1) filing a pleading or other paper that has no reasonable factual basis; 2) advancing a legal theory that has no reasonable chance of success under the state of the decisional and statutory law and that cannot be advanced as a reasonable argument to reverse, modify, or extend the law; 3) filing a motion or pleading for purposes of harassment or delay.  *United States v. Milam*, 855 F.2d 739, 743 (11th Cir. 1988).

In this case, Rule 11 requires that Plaintiff and his attorney be sanctioned for their frivolous and unsupported claims.  "An attorney or a party may be sanctioned under Rule 11 for filing a pleading that: (1) has no reasonable legal basis; (2) has no reasonable factual basis; or, (3) is filed for an improper purpose." *Thomas v. Evans*, 880 F.2d 1235, 1239 (11th Cir. 1989).

Rule 11 sanctions are <u>mandated</u> when a party brings "objectively frivolous" claims:

> In assessing Rule 11 sanctions, a court first determines whether the party's claims are objectively frivolous -- in view of the facts or law -- and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous, i.e., whether he would have been aware had he made a reasonable inquiry. If the attorney/party did not make a "reasonable inquiry," then the court must impose sanctions -- despite the attorney/party's good faith belief that the claims were sound.
>
> *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 n. 88 (11th Cir. 1991) (emphasis added).

When addressing a motion for sanctions under Rule 11, the Eleventh Circuit follows a two-step inquiry as to (1) whether a party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous at the time the pleadings were filed.  Fed. R. Civ. P. 11; *Jones v. International Riding Helmets, Ltd*., 49 F.3d 692, 694 (11th Cir. 1995).

### A)   ***Plaintiff's claims are objectively frivolous***

All of Plaintiff's claims against his wife, Summer Orr, are objectively frivolous and any reasonable attorney making any inquiry into the applicable law would have been aware that the claims asserted lacked merit.

The Eleventh Circuit has repeatedly recognized that even subjective good faith, standing alone, is insufficient to defeat a motion for sanctions pursuant to

Rule 11.  *See, e.g., Threaf Properties, Ltd. v. Title Ins. Co. of Minn.*, 875 F.2d 831, 835 (11th Cir. 1989).  Rather, an objective standard of reasonableness is applied to determine whether sanctions are appropriate under Rule 11.  *See, e.g., Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 n.4 (11th Cir. 2017).  Because the Rule is based on an objective standard of reasonableness, "courts determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003).

As set forth more fully in her Brief in Support of her Motion to Dismiss Plaintiff's Amended Complaint, the clear controlling precedent shows that Plaintiff cannot state a claim for relief against his wife.  The cited authority is readily available upon any reasonable inquiry into the law to determine the showings needed to sustain a claim.  Plaintiff and his counsel's positions were not factually and legally justified, and as such warrant the imposition of sanctions pursuant to Rule 11.

    a)    <u>Counts XI, XII, and XV asserted against Defendant Summer Orr for deprivation of alleged constitutional rights fail.</u>

Plaintiff's complaint and amended complaint asserted merely conclusory allegations that Mrs. Orr, a private individual, deprived him of certain rights under the federal and Georgia Constitutions.  (See Am. Compl. [Doc. 19] Counts XI, XII, and XV.)  But Plaintiff and his counsel utterly failed to allege any facts showing that

Mrs. Orr was a state actor subject to liability for these claims.  Instead, Plaintiff relied merely upon bald, conclusory allegations that Mrs. Orr "acted in concert with state officials…by misrepresenting evidence to [sic] court or otherwise causing improper influence to be placed upon the court…"  (Am. Compl. [Doc. 19] ¶ 175; see also Mem. of Law in Spt. of Pl. Dustin Orr's Resp. to Def. Summer Orr's Mot. Dismiss. ("Pl.'s Resp.") [Doc. 34-1] at 6.)  Plaintiff and his attorney merely asked this Court to speculate, presume, infer, and deduce that Mrs. Orr "must have" done something unlawful, inasmuch as Plaintiff and  his attorney  failed to plead any facts showing that Mrs. Orr "reached an understanding" with state officials to deprive Plaintiff of his rights, as required to show a private individual is a state actor.  *See Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990) (citations omitted); *see also Bias v. Crosby*, 346 Fed. App'x 455, 456 (11th Cir. 2009).  There is no allegation that Mrs. Orr directed the deputies in any way.  There is no allegation that Mrs. Orr conspired with the deputies.  There is no allegation that Mrs. Orr made plans with the deputies.  There is no allegation Mrs. Orr conspired with the Superior Court judge.

The facts in the Complaint and Amended Complaint completely failed to assert any plausible claim, and Plaintiff and his attorney proffered only objectively frivolous arguments thus warranting the imposition of sanctions.

> b) <u>*Count XVII asserted against Summer Orr for abusive litigation fails because Plaintiff (i) failed to send proper notice that identified the civil proceedings, (ii) failed to properly serve a written notice by registered, certified or statutory-overnight mail, and (iii) failed to wait to file his alleged claim until after a final termination of the divorce proceedings*</u>

Georgia law regarding the requirements and prerequisites for asserting a claim for abusive litigation are well known and established. Yet, Plaintiff and his legal counsel actually asserted this frivolous claim against Mrs. Summer Orr without bothering to read and apply Georgia law. "An action or claim [for abusive litigation] requires the final termination of the proceeding in which the alleged abusive litigation occurred…" O.C.G.A. § 51-7-84(b). "The law is clear that a [claim] for abusive litigation pursuant to OCGA § 51–7–81 is premature if it is brought before the final termination of the underlying proceedings." *Goldsmith v. Peterson*, 307 Ga. App. 26, 29, 703 S.E.2d 694, 698 (2010); *see also Jacobs v. Littleton*, 241 Ga. App. 403, 404, 525 S.E.2d 433, 435 (1999), *disapproved of on other grounds by Dep't of Pub. Safety v. Ragsdale*, 839 S.E.2d 541 (Ga. 2020) (finding that the assertion of an action for abusive litigation in a counterclaim was premature since it was brought before the termination of the original action and dismissing that claim); *State Soil & Water Conservation Comm'n v. Stricklett*, 252 Ga. App. 430, 430, 555 S.E.2d 800, 802 (2001) (affirming trial court's dismissal of claim for abusive

litigation as premature where claim was brought before the final termination of the proceedings).

"No claim for abusive litigation even exist[s] until the final termination of the underlying action." *Goldsmith*, 307 Ga. App. at 29, 703 S.E.2d at 698, n. 2. (emphasis added).  Under this statute, "[f]inal termination means an adjudication on the merits so that the action cannot be recommenced." *Land v. Boone,* 265 Ga. App. 551, 554, 594 S.E.2d 741, 744 (2004) (citations omitted; emphasis added). "[P]roceedings in the trial court are 'terminated' by the entry of a final judgment, after which time 'the cause is no longer pending in the court below.'" *Nairon v. Land*, 242 Ga. App. 259, 260, 529 S.E.2d 390, 392 (2000) (citations omitted).

Here, Plaintiff and his legal counsel recklessly ignored the clear language of the abusive litigation statute and the case law establishing that a claim for abusive litigation does not exist—and cannot be brought—until after the termination of the proceeding or action in which the abusive litigation allegedly occurred.  Without citing any authority Plaintiff's counsel actually argued that the Superior Court's temporary order entered in the underlying divorce action constituted a "proceeding" for purposes of abusive litigation.   Although Plaintiff's claim for abusive litigation also fails for <u>all</u> the other different reasons cited in Mrs. Summer Orr's briefs, this reason alone well illustrates the frivolously objective nature of this particular claim.

c) *Count XVIII asserted against Defendant Summer Orr for conversion fails because the alleged assumption of property was expressly authorized by the Superior Court of Catoosa County*

This claim against the Mrs. Orr too is objectively frivolous.  As set forth in Mrs. Orr's Brief in Support of her Motion to Dismiss, Plaintiff fails to state a claim for conversion under Georgia law because his own pleadings show that any alleged dominion or control Mrs. Orr exercised over Plaintiff's alleged property was authorized by a court order.  (See Def. Summer Orr's Br. in Spt. of Mot. Dismiss Pl.'s Am. Compl. [Doc. 27-1] at 18.)  Plaintiff's factual allegations show nothing other than Mrs. Orr accepted property from law enforcement officers as authorized by a court order.  Further, Plaintiff never demanded the return of any of the property from Mrs. Orr, and Mrs. Orr never refused any such demand.  This claim too was objectively unreasonable and frivolous thus warranting an award of sanctions per Rule 11.

d) *Count XIX asserted against Defendant Summer Orr for false imprisonment fails because Plaintiff failed to allege any plausible facts that Defendant Summer Orr unlawfully detained Plaintiff through the use or threat of force*

Plaintiff's conclusory allegation that "[a]ll Defendants either caused or played an actively [sic] role in causing Mr. Orr to be wrongfully detained" should have revealed to both Plaintiff and to his attorney that the asserted claim for false imprisonment against Mrs. Orr was factually and legally unsustainable.  (See Am.

Compl. [Doc. 19] ¶ 233.)  The facts alleged show only that Mrs. Orr allowed the deputies into her home to serve Mr. Orr with the Order (Compl. [Doc. 1] ¶ 33) and that the deputies carried out the Order (id. ¶¶ 32-44).  There is no allegation that Mrs. Orr directed, caused, or participated in the alleged unlawful detention by the deputies thus demonstrating that this claim too is objectively frivolous.

**B)** ***Plaintiff's counsel was aware that the claims asserted were frivolous.***

The second step in the Eleventh Circuit's two-step process for determining the appropriateness of Rule 11 sanctions is determining whether the person signing the pleadings should have been aware at the time that he/she signed the pleadings that they were frivolous.  *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995).  Certainly here there was no ambiguity in the law, and neither Plaintiff nor his attorney asserted any new or novel claims or positions.

Attorney Chris Rhodes represented Plaintiff Orr at the December 2019 hearing in the Catoosa County Superior Court.  The Honorable Chief Justice told him – Mr. Rhodes –three times that that the Ex Parte Order was binding, that the officers had to enforce a signed order, and that the language did not make it invalid. (Doc. 1-3, Ex. M to Complaint, p. 9, 56-57).  Mr. Rhodes ignored the Catoosa County Superior Court Judge's comments made to him at the hearing and yet continued pursuing his client's claims against Mrs. Orr.  And neither Plaintiff nor

his attorney ever had any facts to support the existence of some conspiracy, yet the continued the pursuit of these claims against Mrs. Orr.

Plaintiff's counsel ignored clear United States Supreme Court precedent on constitutional causes of action and state actors, and he also ignored well established Georgia precedent.  Attorney Chris Rhodes' complete failure to inquire into the clearly-established law and his refusal to dismiss within 21 days of receiving Mrs. Orr's Rule 11 Motion on July 7, 2020, shows a willful disregard of precedent and warrants an award of sanctions in favor of Mrs. Orr.

C)    ***Defendant Summer Orr Should Be Awarded Her Attorneys' Fees***

Rule 11(c)(1) states in part:  "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Rule 11(c)(4).

In the present case, based on the facts outlined below, there just was no basis for Plaintiff's claims that were asserted against his wife, and the facts support a

finding that both Plaintiff and his counsel have intentionally disregarded the facts and controlling law.  Defendant Summer Orr should be awarded her reasonable costs and attorneys' fees associated with having to defend Plaintiff's baseless claims.

\* \* \*

This certifies that the foregoing was prepared with Times New Roman 14-point font in accordance with this Court's Local Rules.

This <u>23rd</u> day of November, 2020.

Respectfully submitted,

**BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON, & DAVIS, LLP**

By:     <u>*/s/ I. Stewart Duggan*</u>
I. STEWART DUGGAN
Georgia Bar No. 232207
SARAH C. MARTIN
Georgia Bar No. 440539

*Counsel for Defendant Summer Orr*

P.O. Box 5007
Rome, Georgia 30162-5007
Phone:  (706) 291-8853
Fax:     (706) 234-3574
Email:   isduggan@brinson-askew.com
smartin@brinson-askew.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have this day filed a copy of the foregoing **Defendant Summer Orr's Brief in Support of her Motion for Rule 11 Sanctions** with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to counsel of record.

This <u>23rd</u> day of November, 2020.

**BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP**

By:     <u>*/s/ I. Stewart Duggan*</u>
         I. STEWART DUGGAN
         Georgia Bar No. 232207

*Counsel for Defendant Summer Orr*
