IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DUSTIN ORR, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO.: |
| | ) |
| | ) 4:20-CV-00134-ELR |
| v. | ) |
| | ) |
| DEPUTY JAMES ROGERS, et al., | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF DUSTIN ORR'S OBJECTION TO DEFENDANT GARY SISK'S MOTION FOR LEAVE TO AMEND HIS RULE 11 MOTION FOR SANCTIONS

COMES NOW, DUSTIN ORR, Plaintiff in the above-referenced action and hereby objects to Defendant Gary Sisk's Motion for Leave to Amend his Rule 11 Motion for Sanctions. In support of his objection, Mr. Orr shows the Court as follows:

Defendant Sisk requests leave of Court because Plaintiff's counsel's remarks during oral arguments and Plaintiff's Notice of Voluntary Dismissal allegedly violate Rule 11. Such contentions are false.

Rule 11 does not apply to matters arising for the first time during oral presentations to the court, when counsel may make statements that would not have been made if there had been more time for study and reflection. Fed. R. Civ. P. 11 advisory committee's note (1993). As such, any statements by counsel during oral

1

argument can not violate Rule 11. In addition, Defendant mischaracterizes Plaintiff's counsel's statements. Plaintiff's counsel made no such concession during oral argument. Defendant cites no statement(s) from the record which would constitute an alleged admission, and even if such statement existed, it would have been made arguendo.

Plaintiff's Notice of Voluntarily Dismissal (Document 55) also does not violate Rule 11. Plaintiff filed his notice "[i]n an effort to address the Court's concerns and narrow the issues presently before the Court." The central issue before the Court at this time is whether Plaintiff plead sufficient facts to state a claim against law enforcement officers for executing an invalid order. Plaintiff's claims against Sheriff Sisk derive from resolution this issue.

Plaintiff is in possession of evidence which further implicates Sheriff Sisk. Attached hereto as Exhibit "A" are affidavits from Terri Orr and Dustin Orr in which these individuals testify they heard one of the deputy defendants say that he went "three steps up in command" to check whether he should execute the Order and that those higher officers instructed him to proceed with the Order's instructions. Affidavit of Terri Orr, ¶ 6; Affidavit of Dustin Orr, ¶ 2.

Plaintiff relied on the allegations currently plead in his complaint in responding to Defendant's motion to dismiss. The factual allegations above were omitted from Plaintiff's already voluminous complaint. In lieu of petitioning the

Court for leave to amend and supplement derivative claims, Plaintiff chose to voluntarily dismiss his claims against Defendant Sisk. Plaintiff intends on requesting leave of court to re-assert his claims against Defendant Sisk with the above-referenced testimony and information obtained through discovery as support at a later time. Defendant cites no authority as to how such a filing would violate Rule 11.

For the reasons stated herein, Plaintiff's counsel has not violated Rule 11. Since such allegations are the basis of Defendant's Motion for Leave to Amend, thus Defendant's motion should be denied.

SUBMITTED, this 9th day of December, 2020.

*/s/ Christopher K. Rhodes*
Christopher K. Rhodes
Georgia Bar No.: 565014
Rhodes Law, P.C.
P.O. Box 973
Dalton, GA 30722
Telephone: 706-980-0113
Facsimile: 706-935-5298
Email: rhodeslaw1@gmail.com

ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DUSTIN ORR, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO.: |
| | ) |
| | ) 4:20-CV-00134-ELR |
| v. | ) |
| | ) |
| DEPUTY JAMES ROGERS, et al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I certify that I have this day filed a copy of the foregoing PLAINTIFF DUSTIN ORR'S OBJECTION TO DEFENDANT GARY SISK'S MOTION FOR LEAVE TO AMEND HIS RULE 11 MOTION FOR SANCTIONS with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all parties of record.

SUBMITTED, this 9th day of December, 2020.

<u>*/s/ Christopher K. Rhodes*</u>
Christopher K. Rhodes
Georgia Bar No.: 565014
Rhodes Law, P.C.
P.O. Box 973
Dalton, GA 30722
Telephone: 706-980-0113
Facsimile: 706-935-5298
Email: <u>rhodeslaw1@gmail.com</u>

ATTORNEY FOR PLAINTIFF

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DUSTIN ORR, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO.: |
| | ) |
| | ) 4:20-CV-00134-ELR |
| v. | ) |
| | ) |
| DEPUTY JAMES ROGERS, et al., | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF TERRI ORR

-1-

I am above 18 years of age, laboring under no mental disability, and am otherwise competent to make this affidavit. I am the mother of Mr. Dustin Orr, the plaintiff in the above-referenced action.

-2-

My son, Mr. Orr, called me on April 10, 2019 to inform me Deputies Wooten, Rogers, and Brannon ("the Deputies") were at his home.

-3-

I arrived at Dustin Orr's home while the Deputies were still present.

-4-

While I was present at my son's home, the Deputies began counting the money seized from Dustin Orr's person on the kitchen table.

-5-

I asked one of the Deputies if this was a normal procedure.

-6-

One of the Deputies informed me that he went "three steps up in command" to check whether he should execute the Order and those higher officers instructed him to proceed with the Order's instructions.

FURTHER AFFIDAVIT SAYETH NOT

_____
TERRI ORR

Sworn and subscribed before me,
This 7th day of December, 2020.

_____
Notary Public

expires - 12-3-22
[NOTARY SEAL]

[Notary seal: STACYE FRAZIER, NOTARY PUBLIC, CATOOSA COUNTY, GEORGIA]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DUSTIN ORR, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO.: |
| | ) |
| | ) 4:20-CV-00134-ELR |
| v. | ) |
| | ) |
| DEPUTY JAMES ROGERS, et al., | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF DUSTIN ORR

-1-

I am above 18 years of age, laboring under no mental disability, and am otherwise competent to make this affidavit. I am also the Plaintiff in the above-referenced matter.

-2-

On or about April 10, 2019, after Defendants Rogers, Brannon, and Wooten ("the Deputies") executed the ex parte order ("the Order") giving rise to this litigation, I heard one of the Deputies say to my mother that he went "three steps up in command" to check whether he should execute the Order and those higher officers instructed him to proceed with the Order's instructions.

FURTHER AFFIDAVIT SAYETH NOT

_____
DUSTIN ORR

Sworn and subscribed before me,
This 7th day of December, 2020.

_____
Notary Public

expires - 12-3-22
[NOTARY SEAL]

2